GARRETT, J.
liThe defendant, Alonzo T. Washington, was originally indicted for' first degree murder for a drive-by shooting. 'He subsequently pléd guilty to ■manslaughter. The trial court imposed á sentence of 39 years at hard labor. The’ defendant appeals, claiming that his sentence is excessive. We affirm the defendant’s conviction and sentence.
FACTS'
In May 2013, the defendant was a passenger in a car heading south on Wilder Street in Bossier City when he fired a gun from-the vehicle. Two victims were hit by the gunfire. .While one victim, who was shot in the. qnkle, was only injured, the second, victim, 20-year-old Devonta English, who was shot in the upper torso, died. An eyewitness identified the defendant as the shooter, and an arrest warrant was obtained.
The defendant was indicted by the grand jury for- the first degree murder of *854 Mr. English. The district attorney later reduced that charge to second degree murder. The defendant was also charged with an aggravated battery on the surviving victim. On the date that the defendant’s case was set for trial, the defendant pled guilty to the responsive charge of manslaughter as part of a plea bargain agreement. The defendant understood that no sentence was agreed upon and that a pre-sentence investigation (PSI) report would be ordered. Pursuant to the plea agreement, the aggravated battery charge was dismissed.
In March 2015, the trial court sentenced the defendant to 39 years at hard labor. The defendant’s timely motion to reconsider sentence was denied. The defendant appealed his sentence as excessive.
| .LAW
In reviewing a sentence for ex-cessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive., A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lewis, 49,138 (La.App.2d Cir.6/25/14), 144 So.3d 1174. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lewis, supra.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, 48,534 (La.App.2d Cir.1/15/14), 130 So.3d 993.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Taylor, 41,898 (La.App.2d Cir.4/4/07), 954 So.2d 804. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial *855 court has great discretion in imposing even the maximum sentence for the pled offense. State v. Sanders, 49,241 (La.App.2d Cir.10/22/14), 151 So.3d 160, writ denied, 2014-2536 (La.1/16/15), 157 So.3d 1133; State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.
Manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31.
J^DISCUSSION
The defendant contends that his sentence — which was only one year less than the maximum sentence for . the offense to which he pled — was excessive. In support of his argument, he cites the following factors: (1) he was only. 20 years at the time of the offense; (2) he was a first felony offender; (3) the offense resulted from a dispute between two groups of individuals, with each side threatening violence; and (4) the offense was not the worst type of offense and he is not the worst type of offender. In mitigation, he further asserts that he is a high school graduate who unsuccessfully attempted to enlist in the military after graduation and that he had . a good employment record that included working two jobs at the time of the offense.
Prior ‘ to imposing sentence, the trial court gave detailed reasons for sentencing. It noted that the murder arose from a drive-by shooting in which the defendant shot two people, one of whom died. It cited information contained in the PSI report about the defendant’s social and criminal history. While he had no juvenile criminal record, the defendant had several misdemeanors as an adult, including possession of marijuana and resisting an officer. The instant homicide was his first felony offense. He was primarily raised by his mother and graduated from high school in 2012. Thereafter, he spoke to a recruiter about joining the U.S. Army, but his marijuana conviction precluded enlistment. He. attempted to join .the U.S. Navy in 2013 but did not pass the pre-enlistment test. • His employment record included a stint-with the City of Shreveport Parks and [.¡Recreation department in the summer of 2009. At the time of the offense, he was working at a car wash and part-time with a construction company. He was unmarried and had no children. The trial court observed that the defendant had demonstrated no remorse for his actions which resulted in the death of Mr. English and that Mr. English’s mother had requested that the defendant receive the maximum sentence of 40 years.
Considering the sentencing factors set forth in La. C. Cr. P. art. 894.1, the trial court noted that the only mitigating factors in the defendant’s favor were his youth and his status as a first felony offender. The court, further considered the substantial benefit the defendant received in the plea bargain, which allowed him to plead 'guilty to manslaughter, when he was facing a mandatory life sentence for the murder charge. . .
Our review of the record reveals that the trial court did not abuse its wide discretion in imposing sentence upon this defendant. The court fully complied with •LA C. Cr. P. art. 894.1 in considering the appropriate sentencing factors and articulating its reasons for sentencing. The sentence; while nearly the'maximum allowable for'manslaughter, was within the statutory limits. The defendant was the shooter in a drive-by shooting in which one person was killed, a second person was injured, and others were present who fortunately escaped harm. He received a substantial benefit from the plea agreement which reduced his exposure from a mandatory life sentence for second degree murder to *856 a maximum of 40 years for manslaughter.[1] The negotiated plea arrangement also provided for the | ¡..dismissal of the aggravated battery charge for the shooting of the surviving victim. The record, contains no indications that the defendant ever expressed any remorse for the. loss of the victim’s life.
This assignment of error lacks merit.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In State v. Peters, 2012-1641 (La.App. 4th Cir.8/21/13), 123 So.3d 307, writ denied, 2013-2259 (La.3/14/14), 134 So.3d 1195, the court affirmed a 40-year manslaughter sentence for one of three shooters in a drive-by shooting that resulted in the death of a wheelchair-bound victim. In State v. Bowman, 95-0667 (La.App. 4th Cir.7/10/96), 677 So.2d 1094, writ denied, 96-2070 (La.1/31/97), 687 So.2d 400, a 33-year sentence for manslaughter was affirmed for the driver in a drive-by shooting who was a, 16-year-old first offender.