GARRETT, J.
hThe defendant, Malcolm Jack, was convicted by unanimous jury verdicts of 49 counts of pornography involving juveniles under the age of 13 and 45 counts of pornography involving juveniles under the age of 17. He was sentenced to concurrent sentences of ten years at hard labor without benefit of parole, probation, or suspension of sentence for each of the 94 counts. He appeals his sentences as excessive. We affirm the defendant’s convictions and sentences.
FACTS
On May 8, 2014, members of the Internet Crimes Against Children Taskforce, composed of FBI agents, investigators with the Ouachita Parish Sheriff s Office, and investigators from the Louisiana Attorney General’s Office, went to the defendant’s residence after obtaining information that an Internet Protocol (“IP”) address which was associated with him might have been used to download child pornography. The defendant initially denied any knowledge of child pornography, and provided consent for the officers to search his laptop computer. Officers found child pornography on the defendant’s computer, and, after being advised of his rights, the defendant eventually admitted that he had been viewing and downloading child pornography for about two years. Further forensic testing revealed very extensive and graphic child pornography.
The defendant was charged by an amended bill of information with 49 counts of pornography involving juveniles under the age of 13 and 45 counts of pornography involving juveniles under the age of 17. The charges stem from 49 images and 45 videos which were downloaded between July 10, |⅞2013, and May 6, 2014.[1] Following a trial in April 2016, the jury unanimously found the defendant guilty as charged on all 94 counts.
In July 2016, the defendant appeared for sentencing. Prior to imposing sentence, the trial court noted its consideration of the presentence investigation (“PSI”) report and the numerous letters submitted by the defendant’s family and friends requesting leniency. Although the defendant indicated he was sorry for his actions, the trial court noted that, at trial and in his statement in the PSI report, the defendant expressed his belief that his actions were not criminal and that he did nothing wrong because he *495 was not involved in the actual production of the child pornography.
The trial court stated that, while the defendant was only charged with and convicted of 94 counts of child pornography, investigators found more than 1,000 images and videos on the defendant’s computer. The trial court stated that it had “never seen anything as grotesque and as shocking” as it saw in the images and videos, noting that the pornography involved infants, toddlers, and young boys and girls engaged in “horrific sex acts.” Although the defendant did not produce or distribute the child pprnography, the trial court noted that the defendant developed a deep obsession for it, based on the substantial number of images and videos found on his computer. In mitigation, the trial court noted that the defendant had no criminal history, has been consistently employed since he was 13 years old, was married with three children (ages 20, 14, and 13), and that his incarceration would cause an undue hardship on his family.
| sIn reviewing the applicable sentencing ranges, the trial court noted that prior to trial, the defendant had rejected plea offers which would have substantially reduced his sentencing exposure.[2] The trial court noted that shortly before the instant offenses were committed, the Louisiana Legislature increased the penalties for possession of child pornography,[3] and that with 94 counts, imposed consecutively, the defendant faced a maximum sentence of 2,860 years. The trial court stated that, although it could find no justification for imposing a sentence below the mandatory minimum, it believed that the defendant’s actions constituted a pattern of behavior that supported concurrent sentences.
Considering the above, the trial court sentenced the defendant to ten years at hard labor, 'without the benefit of -parole, probation, or suspension of sentence, on each count, to be served concurrently. Further, the trial court noted that the defendant would not be eligible for good time and that this had been considered by the court in determining the appropriate sentences. The court also noted that, upon release from prison, the defendant would be subject to lifetime electronic monitoring requirements, a protective order prohibiting him from having contact with minor children, and registration as a sex offender.
14Pefense counsel made an oral motion for reconsideration, claiming that the defendant’s sentences were excessive, which the trial court denied. This appeal followed.
LAW
In reviewing a sentence for ex-cessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. *496 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Washington, 50,337 (La. App. 2 Cir. 1/13/16), 185 So.3d 852, writ denied, 2016-0224 (La. 2/3/17), 215 So.3d 688. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Washington, supra; State v. Ates, 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La. 5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Thompson, 50,392 (La. App. 2 Cir. 2/24/16), 189 So.3d 1139, writ denied, 2016-0535 (La. 3/31/17), 217 So.3d 358; State v. Caldwell, 46,718 (La. App. 2 Cir. 11/2/11), 78 So.3d 799.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const, art. I, § 20, if it is | ^grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Lewis, 49,138 (La. App. 2 Cir. 6/25/14), 144 So.3d 1174, writ not cons., 2016-0235 (La. 3/14/16), 188 So.3d 1070. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Lewis, supra.
The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Washington, supra. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Allen, 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, writ denied, 2015-0608 (La. 1/25/16), 184 So.3d 1289; State v. Zeigler, 42,661 (La. App. 2 Cir. 10/24/07), 968 So.2d 875. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson, 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
As to the 49 counts of pornography involving juveniles under the age of 13, La. R.S. 14:81.1(E)(5)(a) provides for a sentencing range of 10 to 40 years at hard labor, to be served without the benefit of parole, probation, or suspension of sentence.
As to the 45 counts of pornography involving juveniles under the age of 17, La. R.S. 14:81.1(E)(l)(a) provides for a sentencing range of 5 to 20 Lyears at hard labor, to be served without the benefit of parole, probation, or suspension of sentence.
A defendant who intentionally possesses child pornography can be charged on a separate count, and sentenced separately for each count upon which the defendant is convicted, for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant’s collection of child pornography. State v. Fussell, 2006-2595 (La. 1/16/08), 974 So.2d 1223. See also *497 State v. Paulson, 2015-0454 (La. App. 4 Cir. 9/30/15), 177 So.3d 360 (the defendant pled guilty to 200 counts of possession of pornography involving juveniles and received concurrent sentences of 12½ years at hard labor); State v. Dominick, 2013-0270 (La. App. 4 Cir. 1/30/14), 133 So.3d 250 (the defendant pled guilty to 139 counts of possession of pornography involving juveniles and received concurrent sentences of 10 years at hard labor); State v. Wright, 45,980 (La. App. 2 Cir. 1/26/11), 57 So.3d 465, writ denied, 2011-0421 (La. 9/2/11), 68 So.3d 520 (the defendant was convicted of 23 counts of possession of child pornography and was sentenced to 10 years at hard labor on each count, some to run concurrent and some to run consecutive, for a total of 20 years); State v. Gardner, 16-13 (La. App. 5 Cir. 9/8/16), 202 So.3d 513 (the defendant was convicted of six counts of pornography involving juveniles under the age of 13 and received concurrent sentences of 20 years at hard labor).
DISCUSSION
The defense contends that the defendant’s ten-year sentences, imposed without benefits or the ability to earn good time, are excessive. The defense argues that the trial court failed to give sufficient weight to |7mitigating factors, specifically noting that the defendant is 46 years old, has no criminal history, is married with three children, has always worked and provided for his family, and that his imprisonment will cause extreme hardship for his family. Also, the defense observes that the defendant’s family and friends submitted numerous letters on his behalf, that four witnesses testified at trial as to the defendant’s good reputation, and that the defendant acknowledged that he downloaded the material and no one else viewed it. The defense argues that, although the defendant’s crimes cause people to cringe, his sentences should not be attributed to emotion, and that the goals of rehabilitation and punishment can best be accomplished with less severe sentences.
In response, the state argues that the trial court considered the sentencing guidelines set forth in La. C. Cr. P. art. 894.1, the grotesque nature of the images, the defendant’s trial testimony, which indicated that he downloaded child pornography on more than one occasion, and the fact that the defendant had rejected prior plea offers. Noting that the trial court could have sentenced the defendant to a total of 2,860 years, the state claims that the trial court did not abuse its discretion in sentencing the defendant to ten years on each count.
The trial court did not abuse its discretion in sentencing the defendant to concurrent ten-year sentences. At the sentencing hearing, the trial court noted its consideration of the PSI report and numerous letters submitted on the defendant’s behalf. The record demonstrates full compliance with La. C. Cr. P. art. 894.1 by the trial court. The trial court thoroughly reviewed the defendant’s personal, work, and educational background. In mitigation, the trial court specifically noted that the defendant had no criminal history, |shad a solid work history, and that his incarceration would cause an undue hardship on his wife and three children. On the other hand, the trial court carefully considered the disturbing facts of this case, noting the “grotesque” and “shocking” nature of the images and videos which showed young children, including some infants, engaged in “horrific sex acts.” Although the defendant admitted to viewing and downloading the child pornography, he remained adamant in his personal belief that his actions should not be criminally punished because he was not the person who raped the victims or cap *498 tured the images. Further, although the defendant was charged only with 94 counts of pornography involving juveniles, he had more than 1,000 images and videos of.child pornography on his computer.
As to the 49 counts of pornography involving juveniles under'the age of 13, the trial court imposed mandatory minimum sentences of 10 years, and as to the 45 counts of pornography involving juveniles under the age of 17, the defendant received midrange sentences of 10 years. The defendant implies in his brief that the trial court failed to adequately factor in the ineligibility for good time. This is sim--ply incorrect. The sentencing transcript shows that the trial court was fully cognizant that the defendant is statutorily ineligible to earn good time pursuant to La. R.S. 15:537(A) and 15:571.3(B)(3)(m), and it specifically considered such in tailoring appropriate sentences.
•Considering the overwhelming number of images and videos involved, the sentences. imposed by the trial court do not shock the sense of justice, nor are they grossly disproportionate to the severity of the offenses. This assignment of error is without merit.
Jj^ERROR PATENT
As to the 45 counts for pornography involving juveniles under the age of 17, the defendant’s sentences are illegally lenient. The trial court failed to impose-the mandatory fine of not" more' than $50,000.00, pursuant to La, R.S. 14:81.1(E)(l)(a). Although the trial court’s failure to impose a mandatory fine results in an illegally lenient sentence, this Court-is not required to remand for imposition of a mandatory fine. State v. Dock, 49,784 (La. App. 2 Cir. 6/3/15), 167 So.3d 1097; State v. Fuller, 48,663 (La. App. 2 Cir. 12/11/13), 130 So.3d 960. The state has not complained about the error and the defendant is not prejudiced by the trial court’s failure to impose the fine.
CONCLUSION
The defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The trial testimony indicated that in all '94 of the images and videos, none of the victims appeared to be over the age of 13, but, in the 49 images, the victims’ ages ranged from newborn to 3 years of age.

. The defendant was originally charged with only one count of pornography involving juveniles. At that time, he rejected a plea offér to plead guilty to one count of attempted possession of child pornography for a sentence of 2½ years. He had been advised on the record that if he rejected the plea offer, the state intended to amend the bill of information to charge additional counts. After the state amended the hill to charge nine additional counts,'the defendant rejected another plea offer, Thereafter, the bill of information was amended again to charge the 94 total counts.

. Effective August 1, 2012, La. R.S. 14:81.1 was amended to provide for a sentence of 5 to 20 years (juveniles under 17) or 10 to 40 years (juveniles under 13). Previously, La. R.S, 14:81.1 provided for a sentence of 2 to 10 years (juveniles under 17) or 5 to 20 years (juveniles under 13). See Acts 2012, No. 446, § 1. . .