DREW, J.
Ladarius Williams pled guilty to attempted first degree murder and was sentenced to 50 years at hard labor without benefit of parole, probation, or suspension of sentence. A timely motion to reconsider sentence was denied. He now appeals, arguing that his sentence is excessive. We affirm.
*133 FACTS
On June 3, 2014, Eddie Ray George bought some cigars at a small store in Shreveport. He was carrying a significant amount of cash. He was followed out of the store by a young black male, who viciously struck him in the head with a pistol, and demanded the cash. The crime was captured on surveillance video. The robber chased the victim around his truck and then shot him four times, causing serious injury to his lower body.
Store employees identified the black male as "Lil D" or "Ladarius." Police were able to develop 22-year-old Ladarius Williams as a suspect after photographs of him on a police database and social media fit the descriptions of the suspect. From a photographic lineup, George positively identified Williams as his assailant. One of the store employees also identified Williams as the man in the store prior to the shooting and the robber on the surveillance video.
The defendant was later arrested and charged with the attempted first degree murder of George. The state gave a La. C. Cr. P. art. 893.1 notice that it intended to seek firearm enhancement sentencing under La. C. Cr. P. art. 893.3.[1]
After trial of this matter began, Williams pled guilty as charged to attempted first degree murder, with the firearm enhancement, in exchange for the state's agreement to forgo the filing of a multiple offender bill.[2] The state also dismissed "other pending charges" against him.[3]
The defendant was sentenced to the statutory maximum.[4] A motion to reconsider on grounds of excessiveness was denied.
The defendant appeals his sentence as being excessive. He argues that his youth and lack of a serious adult criminal record warranted a lesser sentence because he has not been shown to be the "worst offender." He urges consideration of lesser sentences rendered in other somewhat similar cases.
The state responds that this sentence is appropriate because:
• the defendant committed a brutal and vicious crime;
• he received a benefit from his plea agreement, which reduced his exposure by one-half, since the state agreed to forgo the multi-bill;
• his criminal history shows his failure to respond to criminal intervention and continued resistance to law enforcement;
• he has shown a total lack of remorse; and
• he is a potential danger to society.
DISCUSSION
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1 *134 and a second a review of the sentence for constitutional excessiveness. However, because Williams' motion to reconsider sentence raised only a claim that the sentence imposed was constitutionally excessive, he is relegated to review of his sentence on that ground alone. La. C. Cr. P. art. 881.1 ; State v. Turner, 50,221 (La. App. 2 Cir. 1/20/16), 186 So.3d 720, writ denied , 16-0283 (La. 2/10/17), 215 So.3d 700.[5]
Our law on the appellate review of sentences is well settled.[6]
This defendant faced a maximum sentencing exposure of 50 years at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:27 and La. R.S. 14:30. That is the sentence he received. He deserved more.
At the sentencing hearing, the victim testified that:
• he had "eight" holes in his body from the waist down;
• he spent three weeks in the hospital;
• he received medical care for two years after the shooting;
• he was forced to wear a colostomy bag for a year;
• he was not able to fill a work position that he had been offered; and
• at sentencing, he still suffered with stomach pain and major physical and mental scarring, reminding him of this terrible incident.
The surveillance video is worse than disturbing. The violence is gratuitous and cruel. When the victim reached his vehicle, Williams ran up behind him and hit him in *135 the head with a pistol. The gun fell to the ground from the impact. Williams picked up the pistol, pursued the victim around his truck and shot him four times. He then fled on foot.
Before sentencing, the trial court noted its review of the PSI and video and its consideration of Williams' youth, his serious criminal history,[7] "some juvenile court" history, and the victim's testimony.
The imposed maximum sentence is not unconstitutionally excessive. Despite Williams' relative youth at the time of the offense, his criminal record predated this offense. Williams' PSI, considered by the trial court, confirms that his criminal history included several events of assaultive behavior and his admitted second-felony offender status. These facts show that Williams has failed to benefit from prior leniency in sentencing and probationary treatment. His propensity toward violence has escalated to the level of creating a callous risk of bodily injury to both the victim and the public in this matter.
The defendant's pursuit and attack of the unsuspecting and unarmed victim, as captured on the video, is compelling. These actions were senseless, unprovoked and cruel. The victim suffered horrific and long-lasting injuries. The record supports a determination by the trial court that the mitigating factor of Williams' age was far outweighed by the aggravating circumstance of this case.
Williams also received a substantial benefit from avoiding sentencing as a habitual offender. Other charges were dismissed.
A comparison of similar cases supports the trial court's imposition of the maximum sentence in this case.[8]
This penalty is not grossly disproportionate to the severity of the crime. Once again, the crime is shocking; the sentence is not.
This sentence is appropriate and is not an abuse of the trial court's wide discretion.
Finally, we have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2).
CONCLUSION
The defendant's conviction and sentence are AFFIRMED.

The state has discretion to invoke La. C. Cr. P. art. 893.3 when the discharge of a firearm is also an element of the underlying offense. State v. Brisco, 04-3039 (La. 7/6/06), 933 So.2d 754.

The trial court informed Williams of the sentencing range for attempted first degree murder with the firearm enhancement (15-50 years) and ordered a presentence investigation ("PSI").

The record shows that on the date of Williams' arrest for attempted first degree murder, he was also arrested on charges of possession of marijuana and resisting an officer.

Williams was informed of the applicable delays for filing post-conviction relief.

Even so, the record shows that the trial court considered Williams' youth prior to imposing sentence. There is no requirement that specific matters be given any particular weight at sentencing. State v. Washington , 50,337 (La. App. 2 Cir. 1/13/16), 185 So.3d 852, 854, writ denied , 16-0224 (La. 2/3/17), 215 So.3d 688.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993) ; State v. Bonanno, 384 So.2d 355 (La. 1980). To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. State v. Griffin, 14-1214 (La. 10/14/15), 180 So.3d 1262. The following factors are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime: the nature of the offense and the offender, a comparison of the punishment in this case with the sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions. State v. Fruge, 14-1172 (La. 10/14/15), 179 So.3d 579. While a comparison of sentences imposed for similar crimes may provide some insight, sentences must be individualized to the particular offender and to the particular offense committed.
The trial court remains in the best position to assess the aggravating and mitigating circumstances presented by each case. Id. The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams , 03-3514 (La. 12/13/04), 893 So.2d 7.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Washington , supra . Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Washington, supra ; State v. Sanders, 49,241 (La. App. 2 Cir. 10/22/14), 151 So.3d 160, writ denied , 14-2536 (La. 1/16/15), 157 So.3d 1133.

In 2010, the defendant received a suspended 18-month sentence for illegal possession of stolen things. The probation was subsequently revoked.

See for example, these attempted first degree murder cases where maximum 50-year sentences were imposed: State v. Cotten , 438 So.2d 1156 (La. App. 1 Cir. 1983), writ denied , 444 So.2d 606 (La. 1984), the 17-year-old defendant and an accomplice attempted to rob a woman seated in her car and then shot her in the face; State v. Lyles , 483 So.2d 1174 (La. App. 4 Cir. 1986), writ denied , 488 So.2d 198 (La. 1986), the defendant got angry with two women he lived with and fired five close-range shots injuring both. Similar attempted second degree murder cases where maximum 50-year sentences were imposed include: State v. Hughes, 14-487 (La. App. 5 Cir. 11/25/14), 165 So.3d 978, writ denied , 14-2683 (La. 10/9/15), 178 So.3d 1001, the defendant opened fire from two or three feet away from a vehicle and shot at the victim as he attempted to flee; State v. Stacker , 02-768 (La. App. 5 Cir. 12/30/02), 836 So.2d 601, writ denied , 03-0411 (La. 10/10/03), 855 So.2d 327, the defendant shot the victim at relatively close range hitting the victim's tongue and neck before defendant pursued the fleeing victim and fired multiple shots at him endangering the lives of others, including children.