Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,553-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

RYAN K. MANASCO                       Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 21-CR-31529

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Paula Corley Marx

CHARLES B. ADAMS                     Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
RHYS E. BURGESS
Assistant District Attorneys

* * * * *

Before STEPHENS, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Ryan Manasco appeals his concurrent sentences of 30 years at hard labor, without benefits, on two counts of pornography involving juveniles under the age of 13, La. R.S. 14:81.1. For the reasons expressed, we affirm.

## PROCEDURAL HISTORY

In early 2021, Louisiana State Police learned that Manasco was receiving and possessing pornography involving young children. On March 11, 2021, agents executed a search warrant at his house, in southern DeSoto Parish. On his electronic devices they found over 2,000 images and videos, some of which were extremely disturbing. For instance, some depicted adult males engaging in sexual intercourse with very young children, or young boys being anally penetrated by dogs; one, labeled "Bed, cowgirl, hard core a*s f**king," depicted a nude man lying on a bed with a young girl sitting on his privates; another showed an adult man anally penetrating a child who appeared to be under the age of 10. Some of his internet searches included "little girls peeing," "pee madness," "pee for Daddy," "pee madness XX," "progressive fingering," "getting off on anal," "slave master dungeon," "kindergarten SX," and "how to have sex with very young girls safely."

Manasco was arrested and charged by bill of information with 228 counts of possession of pornography involving juveniles and three counts of distribution of pornography involving juveniles. An amended bill added 2,076 counts of pornography involving juveniles and 30 counts of sexual abuse of an animal, by possessing images of a person engaging in sexual contact with an animal.

Pursuant to a plea bargain, Manasco was allowed to plead guilty to two counts of possession of pornography involving juveniles under the age

of 13. The state dismissed all other counts but left sentencing to the discretion of the district court.

At the sentencing hearing, the court received testimony from the 35-year-old Manasco himself, from his wife of 15 years, his mother and father, his sister-in-law, and a family friend. The court also received a report from the U.S. Sentencing Commission regarding the sentencing of offenders who possessed but did not produce the pornography. The court noted the statutory range of 10 to 40 years, discussed the personal data in the presentence investigation report, and noted the benefit of the plea bargain. The court then sentenced Manasco to 40 years at hard labor, without benefits, but suspended 10 years and probated five, and made the sentences concurrent. The court also imposed the usual sex offender notification measures, monitoring, and internet restrictions.

Manasco appealed his sentences as excessive, but this court found, on its own motion, that they were illegally lenient, as the "benefits" (probation, parole, or suspension of sentence) were not allowed when the victim is under the age of 13, La. R.S. 14:81.1 (E)(5)(a). *State v. Manasco*, 54,942 (La. App. 2 Cir. 3/1/23), 357 So. 3d 995. The case was remanded for resentencing.

At resentencing, in May 2023, the court said the basic facts were well developed and already in the record, and reiterated the substantial benefit of the plea bargain. The court sentenced him to 30 years at hard labor, without benefits. The court made the sentences concurrent, with sex offender provisions similar to those imposed earlier.[1]

---

[1] The court deleted the restriction on internet usage, which had been held unconstitutionally overbroad, *Doe v. Jindal*, 853 F. Supp. 2d 596 (M.D. La. 2012).

**ASSIGNMENTS OF ERROR**

Manasco now appeals, raising two assignments. First, the sentences are excessive for a "remorseful, 36-year-old first felony offender who needs treatment, rather than 30 years in prison." Second, the district court did not particularize the sentence to the offender and his offenses, provide a factual basis, or otherwise comply with La. C. Cr. P. art. 894.1. He shows that *legal findings* are subject to de novo review, *State v. Wells*, 08-2262 (La. 7/6/10), 45 So. 3d 577, and quotes a passage, "excessiveness of a sentence becomes a question of law," from *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). However, he concedes that review of sentences is for abuse of discretion, as discussed in *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116.

He contends the court simply did not consider certain relevant facts: he is now 36 years old, has no other criminal history, has never physically harmed a child; he admits he needs help and has found a Christian physician for treatment; his wife and mother testified they need his financial and material support; he has a strong employment history, including maintenance and cleaning at Walmart, forestry at Bear Powell Enterprises, installation at DirecTV, and ecommerce on eBay. He suggests the court overstated the benefit of the plea bargain and the role of passive viewers, like himself, in perpetuating the child-porn industry.

Finally, he urges that similar facts supported a only 10-year sentence for 49 counts of possession of child pornography in *State v. Jack*, 51,428 (La. App. 2 Cir. 6/21/17), 224 So. 3d 492, *writ denied*, 17-1281 (La. 4/27/18), 239 So. 3d 838; a 12½-year sentence for 200 counts in *State v. Paulson*, 15-0454 (La. App. 4 Cir. 9/30/15), 177 So. 3d 360, *writ denied*, 15-

3

2009 (La. 5/26/17), 221 So. 3d 79; and a 10-year sentence for 23 counts in *State v. Dominick*, 13-0270 (La. App. 4 Cir. 1/30/14), 133 So. 3d 250. He concedes he needs punishment, but argues that 30 years is upper-range and makes no measurable contribution to acceptable penal goals.

## DISCUSSION

An appellate court uses a two-pronged test to review sentences for excessiveness. First, the court must find that the sentencing court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The sentencing court is not required to list every aggravating or mitigating circumstance, so long as it adequately considered them in particularizing the sentence to the defendant. *State v. Smith*, 433 So. 2d 688 (La. 1983). The goal of Art. 894.1 is to articulate an adequate factual basis for the sentence, not to achieve rigid or mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081. There is no requirement that any specific factor be given any particular weight at sentencing. *State v. Taves*, 03-0518 (La. 12/3/03), 861 So. 2d 144. As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665. However, when the defendant has pled guilty to an offense that does not adequately describe his criminal conduct or has received a significant reduction in sentencing exposure through a plea bargain, the sentencing court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Guzman*, 99-1753 (La. 5/16/00), 769 So. 2d 1158; *State v. Hearnsberger*, 54,906 (La. App. 2 Cir. 3/1/23), 357 So. 3d 594.

4

At the initial sentencing hearing, the court discussed Manasco's personal situation (parents and wife), his health (no complications or substance abuse), his educational status (completed ninth grade), his employment history (noted above), and the documents filed by defense counsel; the court also cited the significant benefit of the plea bargain. At the second hearing, the court added that Manasco was 34 years old at the time of his arrest, and that the other facts were well developed at the first hearing.

On review we find the district court's application of the facts to the guidelines of Art. 894.1 was appropriate, thoughtful, and easily adequate. The large, and perhaps unprecedented, number of images and videos found on Manasco's devices obviously justified the court's heavy emphasis on the benefit of the plea bargain. The district court properly found that even though an end user like Manasco may not have laid his own hand on any of the victims, his prurient interest fueled the system whereby minors were degraded by child porn. Without consumers like Manasco, this reprehensible industry would not exist. His desire for psychological help, belatedly expressed only after being caught, does not outweigh the need for correctional treatment. We find no violation of the sentencing guidelines of Art. 894.1.

The second prong is review for constitutional excessiveness. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, *supra*. A sentence is deemed grossly disproportionate if, when crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.

5

*State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/23/04), 893 So. 2d 7. The reviewing court may consider a comparison of the punishment in the appealed case with sentences imposed for similar crimes. *State v. Fruge*, 14-1172 (La. 10/14/15), 179 So. 3d 579; *State v. Durham*, 53,922 (La. App. 2 Cir. 6/30/21), 321 So. 3d 525.

The offense of pornography involving juveniles carries a basic penalty of not less than 5 nor more than 20 years at hard labor, without benefits, R.S. 14:81.1 (E)(1)(a). However, when (as here) the victim is under the age of 13, the statute carries the enhanced penalty of not less than one-half the longest term, nor more than twice the longest term, for the basic offense, or 10 to 40 years at hard labor, all without benefits. R.S. 14:81.1 (E)(5)(a). The imposed sentences of 30 years, concurrent, fall exactly two-thirds of the way up this range.

The issue is not whether this court, sitting as the sentencing court, would have imposed the same sentence, but whether the sentence imposed is shocking and an abuse of discretion. The district court stressed the sheer number of images and videos seized from Manasco's devices, finding this to show a deep and alarming involvement in child porn. The original charge of over 2,000 counts was, through skillful negotiation, reduced to two, resulting in an exceptional benefit to Manasco. We also note the original charge of three counts of distribution, suggesting a deeper involvement than mere possession, was dismissed as part of the plea bargain. While all of his internet searches are abhorrent, "how to have sex with very young girls

6

safely" is particularly troubling and exemplifies the dark depths of Manasco's prurient interest.

For an offender who had no other criminal conduct and appears to have been primarily a possessor, 30 years presses the upper limit of justifiable sentencing. However, it is commensurate with the 25-year sentences affirmed in the more recent cases of *State v. Bell*, 23-85 (La. App. 5 Cir. 10/31/23), __ So. 3d __ (involving over 2,700 images and videos), and *State v. Bradley*, 22-381 (La. App. 5 Cir. 3/1/23), 360 So. 3d 562 (about 70 videos and images). In light of the district court's vast discretion, and the huge number and disturbing nature of the images saved to Manasco's devices, we cannot say the sentence is shocking or an abuse of discretion. This assignment does not present reversible error.

## CONCLUSION

For the reasons expressed, we affirm Ryan Manasco's convictions and sentences.

**AFFIRMED**.