Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,455-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

CHESTER L. JOHNSON, JR.               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 374,229

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT           Counsel for Appellant
By: Paula C. Marx

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

SENAE DENEAL HALL
ALEXANDRA PORUBSKY
Assistant District Attorneys

* * * * *

Before COX, HUNTER, and MARCOTTE, JJ.

**COX, J.**

This case arises out of the First Judicial District Court, Caddo Parish, Louisiana. Chester Johnson, Jr. was convicted of battery of a correctional facility employee. He was adjudicated a fourth felony offender and sentenced to 40 years' imprisonment at hard labor. Johnson appeals his sentence. For the following reasons, we affirm Johnson's conviction and sentence.

### FACTS

Johnson was charged by an amended bill of information with battery of a correctional facility employee, in violation of La. R.S. 14:34.5. A sanity commission was appointed, and Johnson was found competent to proceed to trial.

The jury trial began on August 8, 2024. Randy Leone testified that he is a nurse at the Caddo Parish Correctional Center. Mr. Leone stated that on February 16, 2020, he was escorted by a deputy to the housing unit of the correctional facility to pass out morning medications. Mr. Leone testified that when he got to Johnson's cell, he stood at the door and asked Johnson to come get his medication; Johnson walked toward him, wrapped a towel around his hand, and hit him in the head multiple times. Mr. Leone stated that this was not his first time delivering medications to Johnson's cell. Mr. Leone testified that he was taken to the hospital for medical treatment; his forehead bled, but he did not require stitches.

On cross-examination, Mr. Leone stated that Johnson had not previously responded that way toward him, but Johnson had been reluctant to take his medication in the past.

Sergeant John Childress testified that he is employed at the Caddo Parish Sheriff's Office in the Special Investigation Unit at the jail. Sgt. Childress identified a surveillance video of the incident, which was played for the jury.

Corporal Clyde Williams testified that he worked in security at Caddo Parish Correctional Center at the time of the incident. He stated that he saw Mr. Leone and a deputy approach Johnson's cell door, the door opened, and Johnson punched Mr. Leone.

The jury unanimously found Johnson guilty as charged of battery of a correctional facility employee. Johnson filed a motion for post-verdict judgment of acquittal and motion for new trial, both of which were denied. Johnson filed a statement on sentencing, in which he argued the following mitigating circumstances from La. C. Cr. P. art. 894.1 should be considered:

> (23) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
> (29) The defendant's criminal conduct was the result of circumstances unlikely to recur.
> (30) The defendant is particularly likely to respond affirmatively to probationary and mental health treatment.
> (31) The imprisonment of the defendant would entail excessive hardship to himself and/or his dependents.
> (33) Any other relevant mitigating circumstance.

Johnson was adjudicated a fourth felony offender. The trial court sentenced Johnson to 40 years at hard labor and stated, "Regarding sentencing, this Judge has duly reviewed all of the sentencing guidelines in accordance with the Code of Criminal Procedure Article 894.1. The Court believes any lesser sentence would deprecate the seriousness of this offense."

2

Johnson filed a motion to reconsider sentence, arguing his sentence is excessive and unconstitutionally harsh. The trial court denied his motion. Johnson now appeals his sentence.

## DISCUSSION

*Excessive Sentence*

Johnson argues that the trial court erred in imposing an unconstitutionally excessive sentence; the record does not support the imposition of a 40-year sentence; and the trial court failed to particularize his sentence. He asserts that his mental illness, as detailed in Dr. Jennifer Russell's report, should have been a mitigating factor in his sentence. Johnson notes that the trial court gave limited, insufficient support for the sentence. He requests that his sentence be vacated and remanded for resentencing.

The State argues that Johnson's sentence is not constitutionally excessive. The State notes that in Johnson's motion to reconsider sentence, he only argued that his habitual offender sentence was excessive and unconstitutionally harsh. Therefore, the State asserts that he is limited to a bare claim of Constitutional excessiveness and barred from arguing that the trial court failed to adequately comply with La. C. Cr. P. art. 894.1.

Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1 and second a review of the sentence for constitutional excessiveness. However, because Johnson's motion to reconsider sentence raised only a claim that the sentence imposed was constitutionally excessive, he is relegated to review of his sentence on that ground alone. La. C. Cr. P. art. 881.1; *State v. Williams*, 51,667 (La.

3

App. 2 Cir. 9/27/17), 245 So. 3d 131, *writ not cons.*, 18-0017 (La. 3/9/18), 237 So. 3d 1190.

Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *State v. Trotter*, 55,477 (La. App. 2 Cir. 2/28/24), 380 So. 3d 866; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *State v. Trotter, supra*. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Id*.

If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. La. R.S. 14:34.5(B)(2).

4

As a fourth habitual offender, Johnson faced a sentencing range of not less than 20 years nor more than his natural life. La. R.S. 14:34.5 and La. R.S. 15:529.1(A)(4)(a).

The trial court stated that a lesser sentence would deprecate the seriousness of the offense. We agree. The trial court was aware of Johnson's criminal history in his habitual offender proceedings and was previously able to review his mental health in his sanity proceedings. Johnson, unprovoked, punched a correctional facility nurse, not an armed officer. Johnson is a fourth felony offender and could have been given a life sentence. For these reasons, Johnson's 40-year sentence is not shocking to the sense of justice and is not an abuse of the trial court's wide discretion.

## ERRORS PATENT

The record does not reflect that Johnson was properly advised of his rights prior to his habitual offender proceedings in accordance with La. R.S. 15:529.1(D). However, the failure to advise a defendant of his rights is considered harmless error when the defendant's habitual offender status is established by competent evidence offered by the State at the hearing rather than by admission of the defendant. *State v. Simpson*, 55,304 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1056, *writ denied*, 23-01641 (La. 5/29/24), 385 So. 3d 703. Here, Corporal John McCain of the Caddo Parish Sheriff's Office testified regarding Johnson's prior convictions. The State submitted competent evidence of Johnson's habitual offender status. Therefore, the trial court's failure to advise Johnson of his rights was harmless error.

The trial court referenced La. C. Cr. P. art. 930.8 at the end of sentencing but did not specifically state the prescriptive period for seeking post-conviction relief. Therefore, we advise Johnson, by way of this

5

opinion, that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 and 922.  *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

## CONCLUSION

For the foregoing reasons, we affirm Johnson's conviction and sentence.

**AFFIRMED.**