Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,451-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

ZYON R. JOYCE                               Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 390,016

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Sherry Watters

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
ASHLIN N. THOMAS
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**STEPHENS, J.,**

This case arises out of the First Judicial District Court, Parish of Caddo, State of Louisiana, the Honorable Donald E. Hathaway, Jr., Judge, presiding. The defendant, Zyon R. Joyce, pled guilty as charged to one count of first degree robbery, a violation of La. R.S. 14:64.1, in exchange for the dismissal of six pending charges. Thereafter, the trial judge sentenced Joyce to 20 years' imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Joyce has appealed his sentence as excessive. We affirm.

## FACTS AND PROCEDURAL HISTORY

A bill of information filed on July 20, 2022, charged the defendant, Zyon R. Joyce, with the first degree robbery of Scott Bishop on May 28, 2022. The minutes of court show that various pretrial motions were filed, including a defense motion for the appointment of a sanity commission, which resulted in a finding by the trial court that Joyce was competent to stand trial. A jury trial was begun on December 4, 2024, with jury selection. On December 5, 2024, Joyce changed his plea and entered a guilty plea pursuant to a plea agreement with the State with no agreement as to sentencing. As part of this agreement, the State dismissed charges pending against the defendant under six different docket numbers.

There were no pretrial hearings and no trial since Joyce pled guilty. Thus, the only statement of facts officially on the record was read by the prosecutor at the time of the defendant's plea:

> Your honor, on or about May 28th of 2022, Zyon Joyce, in conjunction with Lorenzo Oliver, committed the offense of first degree robbery in that he intentionally took property having value belonging to Scott Bishop that was in the immediate control of Mr. Bishop by the use of force or intimidation and

led Mr. Bishop to reasonably believe that he was armed with a dangerous weapon. These events occurred in Caddo Parish.

At his sentencing hearing on December 19, 2024, Joyce acknowledged these facts. Defense counsel asserted that his client had no criminal record, and Joyce's fingerprints were not on a gun found later in Mr. Bishop's abandoned car, although counsel did admit that Joyce's prints were found on a Gatorade bottle in the victim's vehicle. The State introduced no evidence, and the defendant made no statements at the hearing.

The trial court sentenced Joyce to 20 years' imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence as required by La. R.S. 14:64.1. The court waived a fine and court costs and informed the defendant of his rights to file a motion to reconsider sentence, to appeal, and for post-conviction relief. A counseled motion for reconsideration was filed and denied, and the instant appeal ensued.

## DISCUSSION

In his only assignment of error, Joyce urges that the trial court erred in sentencing him as a first-time offender to an excessive sentence—20 years' imprisonment without the benefit of parole.

According to Joyce, while the 20-year sentence is within the statutory limits for the offense of first degree robbery, it is constitutionally excessive under the facts of this case. He also claims that the trial court's La. C. Cr. P. art. 894.1 findings and its application thereof do not appear in the record, nor does the record reflect that the court adequately considered the guidelines of this article. Instead, the record shows "a rote recitation of them based on allegations not supported by any facts in evidence."

The State asserts that Joyce's argument regarding the trial court's failure to comply with La. C. Cr. P. art. 894.1 should not be considered by this Court since his motion to reconsider sentence did not refer to either article 894.1 or the judge's reasons for imposing sentence. Instead, Joyce's motion to reconsider urged only that the sentence was excessive by constitutional standards. Therefore, this Court can only review the sentence for constitutional excessiveness.

The State also urges that the 20-year sentence in this case is supported by the record and notes the benefit that Joyce gained by the dismissal of six pending charges as a result of his guilty plea, which was a significant reduction in sentencing exposure. The State urges this Court to affirm the 20-year sentence imposed by the trial court.

*Applicable Law*

Ordinarily, appellate review of a sentence for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1 and a second a review of the sentence for constitutional excessiveness. However, because Joyce's motion to reconsider sentence raised only a claim that the sentence imposed was constitutionally excessive, he is relegated to a review for constitutional excessiveness. La. C. Cr. P. art. 881.1(E); *State v. Mims*, 619 So. 2d 1059 (La. 1993); *State v. Wright*, 55,817 (La. App. 2 Cir. 10/2/24), 400 So. 3d 281; *State v. Williams*, 51,667 (La. App. 2 Cir. 9/27/17), 245 So. 3d 131.

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1; *State v. Dorthey*, 623 So. 2d 1276 (La.

3

1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996).

*Analysis*

La. R.S. 14:64.1(B) provides that whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without the benefit of parole, probation, or suspension of imposition or execution of sentence.

A sentencing memorandum prepared and signed by the court on the date of the sentencing hearing, as well as the transcript of the sentencing hearing held on December 19, 2024, show that, prior to imposing the 20-year sentence in this case, the trial court considered the defendant's age (20 at the time of sentencing), educational background (he had completed the tenth grade), employment history (unemployed at the time of the offense), and family background (raised by both parents). The trial court also took into account that while Joyce had no prior criminal history, he had pending charges that were dismissed in exchange for his plea to the instant charge. Regarding aggravating and mitigating factors, the trial judge stated:

> Aggravating [Facts]. The offender's conduct during the commission of the offense manifested deliberate cruelty to the victim; the offender knowingly created a risk of death or great bodily harm to more than one person; the offender used threats over actual violence in commission of the offense. Any other

4

relevant aggravating circumstances: He had six other cases that were dismissed in exchange for this plea. . . . Mitigating Facts. I've considered all of them, and I've found none of the listed mitigating circumstances to apply.

While the victim was not seriously injured by Joyce and the two other young men involved, he did sustain injuries as a result of this senseless and unprovoked violent crime. We cannot say that this 20-year mid-range sentence is constitutionally excessive. Joyce, while technically a first felony offender, received the benefit of having six pending charges dismissed as a result of his plea agreement with the State. This assignment of error is without merit.

## CONCLUSION

For the reasons set forth above, the conviction and sentence of the defendant, Zyon R. Joyce, are affirmed.

**AFFIRMED.**