STEWART, J.
1, After being charged by bill of information with aggravated arson, a violation of La. R.S. 14:51, the defendant, Wendell Fuller, pled guilty to simple arson, a violation of La. R.S. 14:52. The trial court imposed a sentence of 15 years at hard labor. On appeal, the defendant asserts two assignments of error. First, he asserts that his sentence must be vacated due to the absence of any showing that the damage was greater than $500. Alternatively, he asserts that his sentence is excessive. Finding no error, we affirm the defendant’s conviction and sentence.
FACTS
On January 15, 2012, the defendant set on fire a trailer in which he had been living. The trailer was located on the defendant’s family’s land on Coty Lane in Doyline, Louisiana. Equipment found in the remains of the trailer indicated that the defendant had been operating a meth lab.
The defendant’s son discovered the fire and called the local fire department. While firefighters attempted to extinguish the fire, the defendant swung an axe at them to try to stop them. He stated that *962 he intentionally started the fire, that he did not want the fire extinguished, and that he would injure anyone who attempted to do so.
The defendant was arrested on multiple counts, including aggravated arson. He ultimately accepted a plea agreement, with no sentencing cap, by which he pled guilty to an amended charge of simple arson on November 12, 2012. In exchange, the state agreed to drop charges of creation of a clandestine methamphetamine laboratory, disturbing the peace, and four 12counts of aggravated assault.[1] In accepting the defendant’s plea, the trial court advised the defendant of his Boykin[2] rights and affirmed his understanding that the minimum and maximum penalties for a plea of guilty to simple arson would be two to 15 years at hard labor. The trial court also affirmed the defendant’s understanding that his sentence would be up to the court. The trial court accepted the defendant’s plea as freely and voluntarily given and ordered a presentence investigation (“PSI”). By agreement of the state, the remaining counts were not prosecuted, and no habitual offender bill was filed.
At the sentencing hearing on November 14, 2012, the trial court conducted a thorough review of the PSI. The trial court noted the defendant’s family and social history, his lengthy criminal history, his history of substance abuse addictions, and the facts surrounding the incident at issue, including the attempted attacks on the firefighters and others at the scene of the fire. The trial court again stated that the defendant agreed to plead to a reduced charge of simple arson carrying a minimum sentence of two years at hard labor and a maximum sentence of 15 years at hard labor. Noting the defendant’s habitual criminal pattern since 1981 and the violent nature of the crime at issue, the trial court determined that the defendant should receive the maximum hard labor sentence available. Accordingly, the trial court imposed a sentence of 15 years at hard labor.
|sThe defendant’s motion to reconsider the sentence was denied by the trial court on February 11, 2013. This appeal setting forth two assignments of error followed.
DISCUSSION
In his first assignment of error, the defendant asserts that his sentence must be vacated because the state failed to provide the amount of damage caused to the trailer by the fire. He seeks a remand for a determination of the damage sustained. The state counters that the defendant was fully informed about his potential sentencing exposure before he pled guilty, that the damage from the fire was apparent, that there was no contemporaneous objection to the guilty plea agreement, and that the defendant received a significant benefit from his plea agreement.
In order to support a conviction for simple arson, the state is required to prove that the defendant intentionally damaged the property of another by means of an explosive substance, or by setting fire to the property of another without the owner’s consent. La. R.S. 14:52(A)(1). Whoever commits the crime of simple arson, where the damage done amounts to $500 or more, shall be fined not more that *963 $15,000 and imprisoned at hard labor for not less than two years nor more than 15 years. La. R.S. 14:52(B). Where the damage is less than $500, the offender shall be fined not more than $2,500 or imprisoned with or without hard labor for not more than five years, or both. La. R.S. 14:52(C).
Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense. La. C. Cr. P. art. 470. The amount of damage is essential to determine the |4grade of the offense for simple arson, and the failure to allege the amount of damage in the bill of information is an error. State v. Guidry, 635 So.2d 731 (La.App. 1st Cir.1994), unit denied, 94-0960 (La.7/1/94), 639 So.2d 1163. A judgment or ruling shall not be reversed on appeal because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. La. C. Cr. P. art. 921.
In Guidry, supra, the defendant was charged with simple arson but his bill of information did not allege the amount of damage caused by the fire. Upon error patent review, the court noted the error but found it to be harmless error. The court noted that the defendant was advised during his Boykin examination of the possible penalty using the penalty provision for the grade of simple arson where the damage amounts to $500 or more.
Here, the defendant was charged by bill of information with aggravated arson,[3] a crime for which value, price, or amount of damage need not be alleged in the indictment. However, the defendant accepted a plea agreement by which he pled guilty to the reduced charge of simple arson. The transcript of his Boykin examination reveals that the trial court advised the defendant of the appropriate penalty using the penalty provision for the grade of simple arson where the damage amounts to $500 or more. The defendant affirmed his understanding that he would receive a sentence Lin this range and that his sentence was ultimately at the discretion of the court. The defendant also indicated that he understood the true nature of the charge against him. The defendant did not object to the penalty under the plea agreement.
Our review of this record shows that the defendant’s substantial rights were not affected by any failure by the state to specify the amount of damage in conjunction with the pled offense of simple arson. Accordingly, we find no merit to the defendant’s assignment of error and decline to vacate his sentence or remand for a determination of the amount of damage sustained.
In his second assignment of error, the defendant asserts that the maximum sentence of 15 years at hard labor is excessive. He notes that he is 49, has graduated from high school, has 60 hours of college credits in nursing, and has worked as an auto technician since 1981. He asserts that he has the ability and training to be a productive member of society if given a shorter term of incarceration that is focused on treatment and rehabilitation for his addictions. Even though he is classified as a fifth felony offender, he contends that none of the prior felonies were crimes against persons. Finally, he cites State v. Wynne, 47,625 (La.App.2d Cir.1/16/13), 108 So.3d 864, as support for a lesser sentence for simple arson. In *964 that case, the defendant, was operating a meth lab in a house and unintentionally-started a fire. He received concurrent hard labor sentences of 10 years for operation of a clandestine meth lab and five years for simple arson.
| fiThe state counters that the trial court complied with La. C. Cr. P. art. 894.1 in sentencing the defendant. The state also points out that, but for the plea agreement, the defendant could have been charged as an habitual offender and received a greater sentence.
In reviewing a sentence for ex-cessiveness, the court first looks at whether the trial court took cognizance of the criteria set forth in. La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating, and mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La. App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 2010-2853 (La.11/18/11), 75 So.3d 454. The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), pri- or criminal history, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); Dillard, supra. Review of the sentencing transcript shows that the trial court thoroughly reviewed the relevant factors and more than satisfied this requirement.
Next, the court considers whether a sentence violates La. Const. Art. I, § 20 because it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. 7McKinney, 43,061 (La. App.2d Cir.2/13/08), 976 So.2d 802. Absent a showing of manifest abuse of the broad discretion afforded the trial court in sentencing offenders, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
Here, the facts are that the defendant intentionally set fire to the trailer where he lived and had a meth lab. Moreover, he threatened firefighters with an axe as they attempted to control the fire. Thus, this case is distinguishable from Wynne, supra, on the facts. Though the defendant received the maximum sentence of 15 years at hard labor, he reduced his sentencing exposure by pleading to simple arson, and he received the benefit of the state agreeing not to charge him as an habitual offender. As justification for the maximum sentence, the trial court noted the defendant’s habitual criminal conduct since 1981, the violent nature of this particular crime which placed lives at danger, and all the factors considered pursuant to La. C. Cr. P. art. 894.1. On this record, we find no abuse of discretion by the trial court in sentencing the defendant and no merit to the defendant’s claim that his sentence is excessive.
In reviewing the record for error patent, we find the sentence to be illegally lenient. The defendant pled pursuant to the provision of La. R.S. 14:52 where the damage amounts to $500 or more and for which the penalty provision provides that the defendant “shall be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years.” La. R.S. 14:52(B). The trial court imposed an illegally lenient sentence by failing to *965 assess the mandatory fine. AnJ^llegally lenient sentence may be corrected at any time by the court that imposed the sentence or by the appellate court on review. La. C. Cr. P. art. 882(A). However, this court is not required to take such action. State v. Pena, 43,321 (La.App.2d Cir.7/30/08), 988 So.2d 841; State v. Griffin, 41,946 (La.App.2d Cir.5/2/07), 956 So.2d 199. The state did not object to the error, and this indigent defendant has not been prejudiced by the failure to impose the fine. Thus, we decline to remand for correction of the sentence.
CONCLUSION
For the reasons set forth in this opinion, we find no merit to the defendant’s assignments of error, and we affirm his conviction and sentence.
AFFIRMED.

. The record has conflicting references to the four counts stemming from the attempted axe attack on the firefighters. The record refers both to four counts of aggravated second degree battery and aggravated assault. While it appears that the correct charge based on the facts would be aggravated assault, regardless of which is correct, the charges were not prosecuted as part of the plea agreement.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The penalty for aggravated arson is imprisonment at hard labor for not less than six nor more than 20 years, two years of which shall be without benefits, and a fine of not more than $25,000. La. R.S. 14:51.