MOORE, J.
Ronald Keith Sumler appeals as excessive his sentence of six years at hard labor after his guilty plea to simple arson. His attorney has filed an Anders brief and motion to withdraw, alleging that he could find no nonfrivolous issues to raise on appeal. For the reasons expressed, we grant the motion to withdraw and affirm Sumler's conviction and sentence.
On March 22, 2016, the 48-year-old Sumler called his 25-year-old ex-boyfriend to say he was going to burn down his (the boyfriend's) apartment, where the two of them had been living together until recently. When the boyfriend arrived at the eight-unit apartment building on Northeast Drive, his unit was indeed in flames. Neighbors had seen Sumler ride away on a bicycle, and one of them detained him at a nearby gas station until police arrived. Sumler waived his Miranda rights and admitted to Monroe Police Department Officer Vanburen that he entered the apartment through a window, put gasoline on the couch, and set the place on fire because of issues he was having with the ex-boyfriend. According to the police report, several people in the apartment building had to be treated for smoke inhalation, and according to the presentence investigation report (PSI), seven of the eight units sustained smoke damages totaling $120,000.
Sumler was charged with aggravated arson, La. R.S. 14:51, and simple burglary of an inhabited dwelling, La. R.S. 14:62.2, arising from the fire at the Northeast Drive apartment, and with aggravated criminal damage to property, La. R.S. 14:55, arising from an incident in January in which he rammed his car into the same ex-boyfriend's prior apartment, on Selman Drive, causing $30,000 in damages.
At a hearing in May 2017, the state announced it had reached a plea agreement with Sumler: he would plead guilty to the responsive charge of simple arson, with damages exceeding $500, La. R.S. 14:52 B, and no agreement as to sentence. In exchange, the state would drop the other two charges and file no habitual offender bill. The court advised Sumler of his rights under Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ; he waived them and gave a factual statement admitting all elements of the *242 offense. He offered that his love affair with the victim "went bad" and he had been "drinking all day" before setting the fire that night. The court accepted his guilty plea.
At sentencing, in November 2017, the court reviewed Sumler's PSI report: he was a fourth-felony offender with two priors for simple possession of cocaine (but not for distribution) and various misdemeanors. Defense counsel admitted that Sumler had a drug problem for a time, but has been clean since 2013. The court sentenced Sumler to six years at hard labor, and imposed no fine.
Defense counsel filed a motion to reconsider sentence, which the trial court denied, and a motion for appeal, which the court granted, assigning the case to the Louisiana Appellate Project.
Counsel from the Louisiana Appellate Project has filed an Anders brief and motion to withdraw, advising that after a conscientious and thorough review of the trial record he could find no nonfrivolous issues to raise on appeal. Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ; State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 ; State v. Benjamin , 573 So. 2d 528 (La. App. 4 Cir. 1990). The brief outlines the procedural history of the case and Sumler's plea agreement; it also gives a "detailed and reviewable assessment" of whether the appeal is worth pursuing in the first place, State v. Jyles , supra . Counsel submits that the bill of information did not specify which grade of simple arson was charged, but the higher grade was clearly stated at the Boykin hearing (for damage that exceeds $500, a sentence of not less than two nor more than 15 years at hard labor and a fine of not more than $15,000), La. R.S. 14:52 B.[1] Thus he concedes any deficiency in the bill of information was harmless, State v. Fuller , 48,663 (La. App. 2 Cir. 12/11/13), 130 So.3d 960. Counsel also verified that he mailed copies of his brief and motion to Sumler, in accordance with Anders , Jyles , and Benjamin , supra . This court extended Sumler's pro se briefing deadline; he filed no brief.
The state has filed a brief agreeing that there are no nonfrivolous issues to raise on appeal.
This court has reviewed the entire record and finds no rulings or issues on which to base an appeal. The record shows full compliance with Boykin and with La. C. Cr. P. art. 556.1, and a factual basis for the plea. Moreover, the midrange sentence is not constitutionally excessive; Sumler was a fourth-felony offender who benefited significantly from the dismissal of two charges and the waiver of the habitual offender bill. The six-year sentence does not shock the sense of justice and is not grossly disproportionate to the seriousness of the offense.
We note that the trial court did not impose the mandatory fine of not more than $15,000, making the sentence illegally lenient. Because the state has not requested modification and Sumler is not prejudiced, this court will not remand for resentencing. State v. Fuller , supra ; State v. Jack , 51,428 (La. App. 2 Cir. 6/21/17), 224 So.3d 492, writ denied , 2017-1281 (La. 4/27/18), 239 So.3d 838.
For the reasons expressed, counsel's motion to withdraw is granted, and Sumler's conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

La. R.S. 14:52 B was subsequently amended to remove the two-year minimum sentence. 2017 La. Acts No. 281, § 1, effective August 1, 2017.