Judgment rendered October 2, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,708-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

RICHARD E. CANNON                           Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 388,480

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By:  Douglas Lee Harville

RICHARD EARL CANNON, JR.                  Pro Se

JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
ROSS STEWART OWEN
Assistant District Attorneys

* * * * *

Before STONE, COX, and ROBINSON, JJ.

**ROBINSON, J.**

On September 29, 2022, Richard E. Cannon ("Cannon") was charged by amended bill of information with: Count 1 – La. R.S. 40:966(A)(1) & (B)(2)(a), Possession with Intent to Distribute Schedule I CDS (less than 2½ pounds) (marijuana); Count 2 – La. R.S. 14:95.1, Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon (Model 22 Glock .40 caliber handgun); Count 3 – La. R.S. 14:95.1, Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon (9 mm handgun); and Count 4 – La. R.S. 40:967(A)(1) & (B)(1)(a), Possession with Intent to Distribute Schedule II CDS (less than 28 grams) (methamphetamine). He pled guilty to all charges on March 6, 2023, but there was no sentencing agreement. On May 16, 2023, Cannon was sentenced to 5 years each for Counts One and Four, and 18 years' hard labor without benefits plus a concurrent 1,000' days imprisonment in lieu of the $1,000 fine each for Counts Two and Three, with credit for time served, to run concurrently but consecutive to any other sentence. Cannon filed a *pro se* motion to appeal on August 28, 2023. The case was remanded for appointment of counsel, and the Louisiana Appellate Project was appointed and resumed representation of Cannon.

For the reasons set forth below, we AFFIRM the CONVICTIONS, and AFFIRM IN PART and REVERSE IN PART the SENTENCES.

### FACTS AND PROCEDURAL HISTORY

At the March 6, 2023, hearing in which Cannon entered guilty pleas to all charges, the State offered the following facts:

> Your Honor, the defendant pled guilty previously before this Court on October 16th, 2018, to the offense of possession with

intent to distribute, methamphetamine. After doing so, he was placed on supervised probation before this Court. He absconded supervision, and on September 23rd, 2020 a warrant was issued for his arrest.

On April 8th, 2022 [*sic*], law enforcement members with probation and parole department went to his residence, his listed residence to execute that warrant. When they arrived, they found two vehicles both registered to him at the address of 1457 Belwood [*sic*], in Shreveport, Caddo Parish. They knocked at both the front and back door, and after several minutes, the defendant answered the door. With him in the house were his girlfriend and children. Those were the only other people present in the house.

In plain view were suspected marijuana, which subsequently tested positive, and firearms and ammunitions, specifically, a .40-caliber magazine loaded with 15 rounds of .40-caliber, a . . [drum] magazine, specifically, which is a circular magazine, used to contain large numbers of semi-automatic rounds so that a firearm can discharge a large number of bullets in a short amount of time. There were 28 loose rounds of .48-caliber ammunition. There was a Glock .40-caliber model 22 and a SCCY .9 millimeter handgun as well.

There were digital scales and empty Apple baggies. Empty Apple baggies are consistent with intent to distribute. There was also methamphetamine in an amount consistent with intent to distribute. Keys to the vehicles -- to both vehicles were found in the -- in one or two of the vehicles were also located more methamphetamine and digital scales.

He was -- the docket number in which he entered the guilty plea was 347,154. And these facts all occurred in Caddo Parish.

Cannon stated that he substantially agreed with the recitation of facts. There was no agreed upon sentence in conjunction with the guilty pleas.

On May 16, 2023, the trial court sentenced Cannon to 5 years' imprisonment at hard labor on each of the two drug convictions, and 18 years' imprisonment at hard labor without benefits plus a concurrent sentence of 1,000 days' imprisonment in lieu of the $1,000 fine on the two firearm convictions, all served concurrently with each other but consecutively to any other sentences, with credit for time served. The court

2

stated that it considered the factors of La. C. Cr. P. art. 894.1 in sentencing Cannon, referencing his criminal history, significance of the crime, and the evidence submitted.  It also noted the possibility that he would be sentenced as a habitual offender if he did not receive maximum or near-maximum sentences.

Cannon filed a *pro se* motion for appeal on August 28, 2023, and the order of appeal was entered on August 30, 2023.  On December 21, 2023, Cannon submitted a handwritten brief essentially arguing that his sentence was excessive due to ineffective assistance of counsel.  He argues that his trial counsel did not timely accept the State's previous offer of 15 years of imprisonment based on guilty pleas to two of four charged counts, and he was prejudiced by having to plead guilty to all charged counts and receiving the resulting sentence of 18 years of imprisonment.  Cannon requested that this Court amend his total sentence to 15 years of imprisonment and affirm his convictions for only two of the four counts.

On January 5, 2024, this Court remanded the matter to the trial court to determine Cannon's indigent status and whether counsel should be appointed.  After a hearing on February 14, 2024, the trial court appointed the Louisiana Appellate Project to represent Cannon in the appeal.

The Louisiana Appellate Project filed its brief on behalf of Cannon on April 19, 2024.  It referenced Cannon's argument of ineffective assistance of counsel made in his *pro se* brief but did not reiterate or elaborate further on the argument.  Instead, counsel argued that the trial court failed to advise Cannon of all his *Boykin* rights; specifically, he was not advised of his Fifth Amendment right to remain silent and not incriminate himself.  Therefore, Cannon did not plead guilty knowingly and voluntarily and his convictions

3

should be reversed, his sentences vacated, and the matter remanded for further proceedings, including a possible change of plea hearing. However, following the State's brief filed on May 3, 2024, in which it pointed out the trial court's exchange with Cannon and specific advisement of his right against self-incrimination, Cannon's counsel filed a reply brief stating that he had overlooked the exchange when preparing the brief and it appeared that the trial court had adequately informed Cannon of his *Boykin* rights.

**DISCUSSION**

Because appellate counsel appointed for Cannon effectively rescinded the *Boykin* argument, the only arguments remaining on appeal would be those made by Cannon in his *pro se* brief.

***Excessive Sentence***

Cannon mentions an excessive sentence in his brief, but explains that the reason was ineffective assistance of counsel and offers an argument in support of such claim. Other than referring to an excessive sentence essentially being the result of ineffective assistance of counsel, he does not separately brief that issue. Further, neither the issue of excessive sentence nor ineffective assistance of counsel was subsequently briefed by appellate counsel.

A mere statement of excessiveness of sentence as an assignment of error in a brief does not constitute briefing of the assignment, and, therefore, the assignment is deemed abandoned. *Fobbs v. CompuCom Systems, Inc.*, 55,173 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1146; *State v. Easter*, 32,940 (La. App. 2 Cir. 4/7/00), 756 So. 2d 703. Even with the latitude extended to a pro se litigant in the form of liberally construed pleadings, he is required to meet his burden of proof. *Fobbs*, *supra*. Although a *pro se* appellant's brief

4

contains a "statement of issues," if there is no corresponding argument, those assignments are deemed abandoned. *Id.*

Cannon's reference to an excessive sentence could be considered an assignment of error, but he failed to brief the argument other than the statement that his trial counsel had failed to timely accept the lesser sentence. Therefore, this assignment as a separate issue is considered abandoned.

***Ineffective Assistance of Counsel***

Cannon stated in his brief that he is filing "under Excessive or Illegal Sentencing [*sic*] and Effective assistance of counsel." In essence, he claims that ineffective assistance of counsel resulted in a longer sentence. He explained that during the representation, he only saw his attorney three times and was unaware of what was happening in plea negotiations. He claimed to have instructed his attorney to take a 15-year plea deal that included only two felony convictions, but that he learned on the day of his trial that it had not been accepted as he instructed, resulting in his being forced to plead guilty to all four charges and an increased sentence of 18 years each on the firearm charges. He also noted that his attorney did not inform the court of the previous plea offer.

A claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal because it creates the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State ex rel. Bailey v. City of West Monroe*, 418 So. 2d 570 (La. 1982); *State v. Davis*, 52,517 (La. App. 2 Cir. 5/22/19), 273 So. 3d 670, *writ denied*, 19-00928 (La. 11/25/19), 283 So. 3d; *State v. Williams*, 33,581 (La. App. 2 Cir. 6/21/00), 764 So. 2d 1164. When the record is sufficient,

5

the claim may be resolved on direct appeal in the interest of judicial economy. *Davis*, *supra*; *State v. Smith*, 49,356 (La. App. 2 Cir. 11/19/14), 152 So. 3d 218, *writ denied*, 14-2695 (La. 10/23/15), 179 So. 3d 597. The burden of proof for an ineffective assistance claim is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Cannon does not offer any evidence in support of his claim of ineffective assistance of counsel aside from his own statements contained in his *pro se* brief. The only information in the record regarding the previous plea deal is the general statement by Cannon's trial counsel, presumably at the request of Cannon, that there had been a previous plea offer of only two of four guilty pleas. Cannon never responded to or elaborated on his counsel's statement other than to confirm that he had a question regarding the plea agreement change. The court explained that the district attorney's office was a separate entity from the court and that the court could not force the DA to offer a particular deal, but only ensure it is within the mandated sentencing range. It stated that Cannon was not required to accept any plea offer. When Cannon's trial counsel stated they were going to proceed with the current plea agreement, the court questioned Cannon directly whether he was sure he wanted to accept, to which Cannon responded affirmatively.

Cannon's argument of ineffective assistance of counsel is not sufficiently supported by the record to be resolved on appeal in the interest of judicial economy; rather, it should be raised in an application for post-conviction relief in the trial court in order to have a full evidentiary hearing.

### Error Patent – Illegally Lenient Sentence

La. R.S. 14:95.1(B) provides that a person found guilty of possession of a firearm by a convicted felon "***shall*** be imprisoned at hard labor for not

6

less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence ***and* be fined not less than one thousand dollars** nor more than five thousand dollars." [*Emphasis added*.] There is a mandatory minimum fine of $1,000.

When imposing Cannon's sentence for the firearm convictions, the court stated:

> The minimum by statute on the firearm felons are $1,000 fine but I'm going to convert those to days in lieu. And I'm going to make it 1,000 days in lieu and I'll run those concurrent so that way it helps you out so that you won't owe any money when you're done. … Because the statute requires that I give you that, but a conversion allows you to receive credit for the time that you're already serving for those fines to better put you in a position when you get out.

The mandatory fine was not imposed. Further, the attempted conversion of the fine to a separate sentence, albeit concurrent, resulted in an overall sentence in excess of the maximum 20 years. It does not appear that the court intended for the time to be for default, but it nevertheless has the same effect since it is imposed as a substitute for payment.

An indigent defendant cannot be subjected to default jail time in lieu of the payment of a fine, costs, or restitution. *State v. Grant*, 55,722 (La. App. 2 Cir. 8/28/24), 2024 WL 3958415; *State v. Jarratt*, 53,525 (La. App. 2 Cir. 6/24/20), 299 So. 3d 1202. A defendant's indigent status may be discerned from the record. *Jarratt, supra*. Where a defendant is represented at trial by the Indigent Defender's Office, or on appeal by the Louisiana Appellate Project, this Court has considered it error for a trial court to impose jail time for failure to pay court costs. *Id*.

A trial court's error in failing to impose a mandatory fine is harmless and self-correcting. *State v. Foster*, 50,535 (La. App. 2 Cir. 4/13/16), 194

So. 3d 674. When a trial court fails to impose a mandatory fine, the resulting sentence is illegally lenient; however, the Court of Appeal is not required to remand for imposition of a mandatory fine. *Id.*; *State v. Fuller*, 48,663 (La. App. 2 Cir. 12/11/13), 130 So. 3d 960. Although an illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by the appellate court on review, the Court of Appeal is not required to take such action. *Foster*, *supra*; *Fuller*, *supra*. In *Foster*, this Court noted that the State did not complain about the failure to impose a mandatory fine, the defendant was not prejudiced by the omission, and the defendant was indigent. *Foster*, *supra*. Accordingly, it did not remand for imposition of the fine. *Id.*

Cannon's indigent status is clear from the record, supported by the fact that the Louisiana Appellate Project was appointed to represent him in his appeal. We find that the trial court erred in imposing a sentence of 1,000 days in lieu of the mandatory fine of $1,000, although concurrent with the 18 year sentence at hard labor without benefits, because it was both an impermissible sentence for nonpayment of a fine and it was illegally lenient. This Court has the authority to remove the sentencing provision imposing default for nonpayment and/or impose the mandatory fine in order to correct the illegally lenient sentence.

## CONCLUSION

For the reasons stated hereinabove, Cannon's guilty pleas and resulting convictions are hereby **AFFIRMED**. His sentences for Count 1 – La. R.S. 40:966(A)(1) & (B)(2)(a), Possession with Intent to Distribute Schedule I CDS (less than 2½ pounds) (marijuana), and Count 4 – La. R.S. 40:967(A)(1) & (B)(1)(a), Possession with Intent to Distribute Schedule II

8

CDS (less than 28 grams) (methamphetamine), are **AFFIRMED**.  The sentences for Count 2 – La. R.S. 14:95.1, Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon (Model 22 Glock .40 caliber handgun), and Count 3 – La. R.S. 14:95.1, Possession of a Firearm or Carrying a Concealed Weapon by a Convicted Felon (9 mm handgun), are **AMENDED** to remove the portion of those sentences imposing 1,000 days' imprisonment in lieu of a fine and impose the mandatory $1,000 fine.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART AND AMENDED IN PART.**