Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,996-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA            Appellee

versus

RAHEEM G. KNOX            Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 247,749

Honorable Michael O. Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT      Counsel for Appellant
By: Peggy J. Sullivan

J. SCHUYLER MARVIN      Counsel for Appellee
District Attorney

ANDREW C. JACOBS
RICHARD R. RAY
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and MARCOTTE, JJ.

**COX, J.**

This criminal appeal arises from the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana. Defendant, Raheem G. Knox (Knox), was charged with identity theft, in violation of La. R.S. 14:67.16(B). Knox pled guilty and was sentenced to four years at hard labor, with credit for time served. For the following reasons, we affirm Knox's conviction and sentence.

**FACTS**

On July 10, 2023, the State filed a bill of information alleging that Knox committed identity theft in violation of La. R.S. 14:67.16(B) from October 5, 2022, to May 22, 2023. The bill of information provided, in relevant part:

> Raheem G. Knox, on or about May 23, 2023, did intentionally use or possess or transfer or attempt to use with fraudulent intent any personal identifying information of another person to obtain, possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or anything else of value without the authorization or consent of the other person.

On July 13, 2023, Knox waived formal arraignment and pled not guilty to identity theft.

On August 10, 2023, a bond reduction hearing was held, wherein the trial court acknowledged that Knox was a first felony offender, had no criminal history, and that the State made a previous offer for five years at hard labor. Deputy Michael Basco (Deputy Basco), of the Financial Crimes Task Force with the Bossier City Police Department, on behalf of the State, testified that he investigated Knox's case. Deputy Basco confirmed that the victim, Heather Carter (Carter), had her phone stolen on October 5, 2022.

He further confirmed that almost immediately after the phone was stolen, cash advances of over $9,000 were made on Carter's credit cards.

Deputy Basco testified that several search warrants were issued to credit card companies to confirm Carter's allegation that almost $10,000 worth of goods were charged to her. Deputy Basco then confirmed that he received information from a woman who stated she helped the defendant obtain credit cards in Carter's name, and that the defendant committed this offense from October 5, 2022, until May 22, 2023. Deputy Basco attested that when Knox was arrested, he had credit cards and a credit statement in Carter's name in his possession.

Next, Knox testified that he was 29 years old, that his primary residence was in Texas, where he had a job opportunity available, and that he had no prior criminal convictions. Knox then admitted that he had been arrested for outstanding ticket fines. At that time, the trial court denied the request to reduce bond.

On November 9, 2023, Knox withdrew his previous plea and pled guilty to the charge of identity theft in violation of La. R.S. 14: 67.16(B). The trial court ordered a presentence investigation (PSI) report to be submitted before sentencing. The trial court confirmed that Knox was 29 years old and received his high school diploma. Knox then confirmed that his counsel explained the minimum and maximum penalties for this offense and that the sentence imposed was left to the discretion of the court. At this time the State read the following facts into the record:

> On or about May 23rd of 2023, this defendant, Raheem (pronounced differently) G. Knox, did commit the offense of Identity Theft and he did so by intentionally using or possessing or transferring or attempting to use with fraudulent intent any personal identifying information of another person to obtain,

2

possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or anything else of value, without the authorization or consent of the other person who is the subject of the identity theft. This identity theft did occur by Mr. Knox taking an iPhone belonging to the victim and using it to transfer funds to various places. This did occur within the confines of Bossier Parish, Louisiana and in violation of Louisiana Revised Statute 14:67.16, Subsection B.

Following this, Knox pled guilty, and sentencing was scheduled for January 8, 2024.

During sentencing, Carter informed the trial court that she received a letter from Knox and requested that a restraining order be issued. Carter then expressed how Knox's actions made her life difficult for seven months and ruined her credit. The trial court stated that it reviewed the impact statement Carter submitted to the officers prior to sentencing and that it also reviewed the PSI alongside the art. 894.1 factors. The trial court also explained that the offense of identity theft carries up to 10 years at hard labor. In detailing the facts of this case, the trial court summarized that following the theft of Carter's phone, Knox used the information from Carter's iCloud to create credit card accounts using Carter's personal information and provided this information to other people.

The trial court highlighted that the financial loss and effects that flowed from Knox's actions, namely that Carter's credit rating and school accounts were negatively impacted, was not the only measurable loss Carter faced. The trial court noted that Carter had to go through the process of canceling and then recreating information that she accumulated over a significant period of time. The trial court then reviewed Knox's personal history, noting that Knox is 29 years old, that he had a previous possession with intent to distribute a Schedule I controlled dangerous substance that

3

was reduced to a misdemeanor, and that this is Knox's first felony conviction. The trial court further acknowledged that Knox used the information he obtained from Carter's phone to send a letter to Carter while incarcerated, which "extended [Carter] being victimized even more."

After expressing that a lesser sentence would deprecate the seriousness of the offense and "the damage [Knox's] actions caused to [Carter] and her family," the trial court sentenced Knox to four years at hard labor. The trial court further imposed that Knox was to have no contact with Carter either directly or via a family member. At that time, counsel for Knox objected to the sentence. Defense counsel filed a motion to reconsider sentence on January 25, 2024, and the motion was denied on January 29, 2024. This appeal followed.

## DISCUSSION

On appeal, Knox presents one assignment of error—that his four-year sentence at hard labor was unconstitutionally harsh and excessive because he is a first-time felony offender with no prior convictions. However, Knox argues that an error patent is embodied in the deficiencies contained in the bill of information. Specifically, Knox argues that the bill of information failed to designate the grade of the offense charged or allege the value, price, or amount of damage incurred; therefore, his conviction should be set aside.

In accordance with La. C. Cr. P. art. 470, the value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to the charge or to determine the grade of the offense. The penalty for identity theft depends upon whether the amount of damage amounts to "one thousand dollars or more," "five hundred dollars or more, but less than one thousand dollars," "three hundred dollars or more, but less than five

4

hundred dollars," or "less than three hundred dollars." *See*, La. R.S. 14:67.16(C). Therefore, the amount of damage is essential to determine the grade of the offense for identity theft.

Generally, under art. 470, the failure of the State to allege any amount of damages in the bill of information renders the bill defective. While art. 470 does not require that an indictment include a specific monetary value, the allegations in the indictment must be sufficient to determine the grade of the offense. However, a judgment or ruling shall not be reversed on appeal because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. La. C. Cr. P. art. 921; *State v. Fuller*, 48,663 (La. App. 2 Cir. 12/11/23), 130 So. 3d 960.

Knox relies on *State v. Ledbetter*, 54,050 (La. App. 2 Cir. 9/22/21), 326 So. 3d 976, in which this Court reversed a defendant's conviction for residential contractor fraud because the bill of information failed to state any specific value regarding the misappropriated or taken funds. This Court determined that under La. R.S. 14:202.1, residential contractor fraud is a graded offense and penalties for the offense are determined, in part, on the total amount that was misappropriated. This Court further determined that any "[d]iscussion during trial of values generally, and even the jury returning a verdict finding [the defendant] was guilty. . . in a specific amount, does not remedy the defect."

In contrast, the First Circuit in *State v. Guidry*, 93-1091 (La. App. 1 Cir. 4/8/94), 635 So. 2d 731, found that the failure to allege the value of the property damaged in a bill of information where the offense charged was simple arson, an offense wherein the penalty imposed is determined by the total amount of damage incurred, La. R.S. 14:52, did not require reversal of

5

the defendant's conviction. The First Circuit concluded that the failure to include the amount of damage was harmless error as the defendant was advised of the possible penalty and used the appropriate penalty provision for the grade of arson for which he was convicted. Moreover, the court determined that the sentence imposed was appropriate for either grade of the offense possible, so the defendant did not suffer any prejudice as a result.

Similarly, the bill of information in this case failed to include the specific amount of funds that Knox transferred from the victim's accounts. Specifically, the bill of information provided:

> Raheem G. Knox, on or about May 23, 2023, did intentionally use or possess or transfer or attempt to use with fraudulent intent any personal identifying information of another person to obtain, possess, or transfer, whether contemporaneously or not, credit, money, goods, services, or anything else of value without the authorization or consent of the other person.

However, during the bond hearing, Knox heard Deputy Basco's testimony that approximately $9,000 in cash advances were made on Carter's credit cards, so Knox was aware of the amount of damages alleged against him. Further, during Knox's guilty plea, Knox admitted that his defense counsel explained both the minimum and maximum penalties associated with the offense and acknowledged that sentencing would be left to the trial court's discretion. Importantly, during sentencing, the trial court stated the possible sentencing range was up to ten years and used the penalty provision for the grade of identity theft where the damages amounts to a "value of one thousand dollars or more." *See*, La. R.S. 14:67.16.

Given these facts, we cannot say that Knox's substantial rights were affected by the failure to specify the amount of damage. Accordingly, we find that any error was harmless and decline to vacate his sentence on these

grounds. However, in the future, best practice is to always include the amount of damages alleged in the bill of information and during the recitation of facts during the plea hearing.

Knox further argues that his four-year sentence at hard labor was unconstitutionally harsh and excessive and disproportionately tailored to him as a first-time felony offender. Knox acknowledges that he received a midrange sentence, but maintains that given the facts of this case, he should have been given the "opportunity for probation," and "afforded the chance to show his ability to move forward as a productive citizen." Moreover, Knox highlights that he contacted Carter to apologize for the harm he caused her through his actions.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance. *Id.*

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain

7

and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Griffin*, *supra*; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. McKeever*, *supra*.

Here, the trial court fully considered the sentencing factors set forth under art. 894.1 and considered Knox's personal history and reviewed his PSI. The trial court, however, determined that Knox's actions of stealing Carter's phone and then using that information to create accounts in his name directly resulted in a detrimental impact on Carter's credit rating and caused her and her husband financial loss. Given the impact that Knox's actions had on Carter and the seriousness of the offense, the trial court determined that a lesser sentence would deprecate the seriousness of Knox's actions. Moreover, Knox's sentence not only falls within the statutory range for this offense, but this Court notes that his sentence falls far below the ten year maximum possible penalty for identity theft under La. R.S. 14:67.16. Therefore, Knox's sentence is neither grossly out of proportion to the severity of the offense nor does it shock the sense of justice. Accordingly, this Court finds that the trial court did not abuse its discretion in imposing this sentence and this assignment of error is without merit.

8

**CONCLUSION**

For the reasons assigned herein, Knox's conviction and sentence are affirmed.

**AFFIRMED.**